Good morning, Your Honors. John Wallenstein on behalf of Elgin Brack. This is a fairly simple issue, in spite of the seriousness of the case, because this case has already been before this Court and is only here on the issue related to the re-sentence. And I think that Judge Battagliano paid lip service, if you will, to all of the 3553A factors. But in fact, he sentenced Mr. Brack to 43 years because of the seriousness of the crime, because of the seriousness of the injuries to Mr. De Leon. And I think that under the circumstances, he really emphasized that factor to the exclusion of the others, although he did say that he considered all of the other factors. And I'm sure that to some degree he did. But why isn't it within his discretion to say, in any given case, why isn't it up to the judge to say, well, in this case, this factor, whatever it is, might not be the seriousness. That might be something else. It's so overwhelmingly important that it dwarfs everything else. Well, I think because the scheme of 3553A is that you have to consider everything. Well, you already said, you conceded that he said, and you said, and I'm not going to dispute that, that he considered it to some degree. Well, he considered it to some degree. He was aware of it. And he didn't think it made enough difference. He was aware of it. But I think that he emphasized that factor to the exclusion of the others. And that grows. So just to pin you down on that, so that's a procedural error because he didn't consider it? Or it's a substantive error because he just gave it undue weight, and it's beyond the realm of reasonable decision-making? I think he gave it undue weight. So it's a substantive objection? Yes. So this is not within the range of permissible decisions? I think it's outside the scope of the normal decisions. You know, I understand what Caveira says about being within the range and the realm of ordinary cases. But 43 years for a young man was just way too much, I think. And he didn't consider the issue of rehabilitation more than to say he doesn't seem to be rehabilitated and he doesn't seem like he's going to be. And clearly, he's got to make a decision. But isn't that considering the issue of rehabilitation, considering his openness to rehabilitation, or the possibility of rehabilitation? You just sort of said he didn't consider it. I give you that judgment, actually, that he considered it in that way. But I still think that the sentence itself is excessive, is way beyond what is necessary in this case, that he could easily have sentenced him to a number. He had to give him 21 years based on the three consecutive 924C counts. And he certainly should have given him something beyond that for the robberies. But that's an awful lot of time for a young man. And I think that a sentence within the realm of somewhere between 22 and maybe 30 years would have been sufficient, but not greater than necessary. I just think that 43 years really was overkill. I don't know another word for it in this case. I think it's really excessive. And I think that's my primary point here, that Judge Vitaliano sentenced him to 43 years the first time around. It came back. He gave him the same 43 years the second time around without any consideration for the possibility of rehabilitation or to determine whether or not there was another sentence that was possible. Was the first sentence reasonable, the initial sentence of 43 years? I don't think so, but I didn't represent him the first time around. And the first time around, the 43-year sentence also included the 924C on the attempted robbery that was later vacated. He says, I think this is the right sentence regardless of the 924C charge because I think the presence and use of the gun needs to drive the sentence. So he says at the outset, even if I were not required to do a consecutive 924C sentence, I was still alive at the same number. That is what he said. And I think that the sentence is excessive. And I recognize I don't have a lot more to say on that issue. There's only so many ways I can say that. And that is my point. We'll hear from the government. May it please the Court, Jonathan Siegel for the United States. I represented the government at trial at both sentencings and at the prior appeal. The procedural reasonableness argument, first of all, is waived. But I think it's now been really clarified that even what was framed as a procedural reasonableness argument is really a substantive reasonableness argument. The argument from defense was that the court gave too much weight to a given factor. But this court's precedents make clear that the weight that the district court gives to any factor, that's really deep into the discretion of the district court. And you only get into a substantive concern if the overall sentence is shockingly high. And so I think that's, one, the only thing that is actually preserved in this appeal and actually is what the defense is arguing about. In terms of is this substantively high, this was an incredibly serious case. A man was shot in the head and permanently debilitated. And then after that, the defendant went on a robbery spree where he held three additional people at gunpoint and robbed them that night. The primary argument that the defense has is that the district court overweighed the seriousness but did not consider rehabilitation. But that's just not true. The district court explicitly addressed rehabilitation. And he disagreed that rehabilitation was something that was mitigating because the evidence showed that Mr. Brack was not on any kind of path towards rehabilitation. There had been years between the first sentencing and the second sentencing. And in that time period, rather than making any progress towards rehabilitation, Mr. Brack had committed four assaults in prison, had threatened somebody, and his attitude of utter disrespect for the law and utter lack of empathy for his victims remained very much in place. So under those facts where it's an extraordinarily serious crime, where you have a person with a history of dangerousness and criminality in, albeit, his young life, and demonstrated total lack of respect for the law and no indications of rehabilitation, the 43-year sentence that the district court imposed was appropriate and is certainly not shockingly high or an abuse of discretion. Isn't it a little weird that, you know, when you get rid of a mandatory consecutive sentence, the sentence ends up being the same? No. It's already the precedent under the Supreme Court that when crafting a sentence, the court can adjust for the mandatory minimums. You don't have to just take the guidelines and add it to the mandatory minimum and then treat the guidelines as mandatory. You can reduce your sentence to reflect the fact that there is a mandatory minimum. Wasn't the 43-year sentence in the first place already more than was required by the mandatory minimums? That's exactly right. And what got taken out, thanks to the categorical approach, was that although he had done several gunpoint robberies that night, the 924C count, at a time before the Supreme Court got into reinterpreting Section 924C, at that time, the prosecutors chose to hinge the 924C count, or one of them anyway, on the overall conspiracy for the whole thing, where the attempted robbery, the attempted robbery, which is the one where he actually shot the guy in the head, didn't get away with any money. And therefore, because he didn't get away with any money, it was therefore an attempted robbery only, and thus not a violent crime in the eyes of the Supreme Court. That's exactly right, right? I guess the government's position is, it's not, yes, it's not a categorically violent crime. And the government's position, I take it, is that the disappearance of that piece of mandatory sentencing could not make any reasonable difference to a reasonable sentencing judge thinking about the overall conduct for which he was sentencing somebody. Well, whether it could make a difference or not, in this case, Judge Vitaliano It certainly doesn't have to. It doesn't have to. Judge Vitaliano didn't give him the mandatory minimum sentence the first time. He determined weighing 3553A factors the first time that 43 years was appropriate. At the de novo resentencing, he reconsidered all the factors and determined that that 43 years was justified based on his conduct. As far as the rehabilitation claim, this is a man who said to the judge at the sentencing this second time around, sometimes I'm forced to become aggressive. And so what am I going to do? He's explicitly not taking responsibility for the various offenses that he committed in the prison by thinking that somehow he's entitled to be aggressive because he's in jail and he didn't like his lawyer. Your Honor, at no point in the years of proceedings has Mr. Brack ever taken responsibility for anything that he has done. And in light of that, the sentence, which again, although it is a long sentence, it is not a life sentence. Mr. Brack is likely to get out of jail and have a life, which, as we note in our brief, Mr. Brack will get past this case. His victim will not. Thank you very much. It is a life sentence. 43 years inside of federal prison is a lot different than 43 years outside of federal prison. Think about where we all were 43 years ago. I was a neophyte defense attorney. I don't think any of you were on the bench. We all were in different places. And we've all had serious life experience over the last 43 years. But 43 years inside a prison is likely to mean that Mr. Brack is not going to survive for any number of reasons. In your briefing, there was both a, I read your brief to pose both a procedural and procedural argument was waived. But do I hear you today that you're just go, you're just pressing the substantive unreasonableness argument? I think that's right. I did raise the procedural argument, but I think that Judge Minashi was right earlier. I think it really is a substantive argument. It's really almost a single point that the sentence is excessive because he didn't think about other factors. He just took that one factor of the crime itself and applied that and gave us the right 43 years. Because if you take those mitigating circumstances into account, you would be required to give something less than this because the proper balance is no longer within the range of reasonableness. I think 43 years is outside the range of reasonableness. Yes. That's really the primary argument. Unless your honors have any other questions. Thank you. Thank you both and we'll take the matter under advisement.